FREDERICK A. YOUNG vs. BATCHELDER AND SNYDER COMPANY.
EDWARD K. BROWNVILLE vs. SAME.

Suffolk.    November 10, 1913. — May 21, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Employer's liability, Proximate cause.

In an action by a workman against his employer, who carried on a wholesale meat and provision business in the basement of a building, for personal injuries resulting from the explosion of a coffee boiler, if there is evidence that at the time of the accident the gate valve of the boiler was closed and had been closed since some time on the day before, that if the valve had been open the accident would not have occurred, and that a person entrusted by the defendant with the care of the valve had been negligent in closing it and in leaving it closed, the defendant can be found to be liable for the plaintiff's injury; and this would be so, even if the explosion was due in part to the negligent closing of a stop-cock of the escape pipe and the defendant was not responsible for that negligence, it being sufficient to establish the defendant's liability if the explosion was attributable in part to its negligence.

HAMMOND, J. These were two actions of tort, brought to recover damages for personal injuries suffered by the plaintiffs as the result of the explosion of a copper boiler while they were in the employ of the defendant corporation.

The cases were tried together, and after verdicts for the plaintiffs, are before us upon exceptions taken by the defendant. No question is raised as to the due care of the plaintiffs. The main question is whether there was any evidence of negligence on the part of the defendant. Both plaintiffs were in the defendant's employ, working in the basement of a building on Blackstone Street in Boston, where the defendant carried on a wholesale meat and provision business. At about eight o'clock on the morning of January 9, 1909, the explosion occurred and the plaintiffs were injured.

Many of the facts are not in dispute. The boiler was a copper tank similar to those commonly used in connection with an ordinary kitchen range in a dwelling house, but having a slightly larger capacity. It was bought in December, 1908, by the defendant from a large and reputable dealer in such and similar articles, and had been installed by the defendant about three weeks

before the accident.  The plaintiffs do not contend that there was anything wrong with the boiler itself, but say that the defendant undertook to use it in a negligent way.

The evidence shows that the pressure upon the boiler at the time of the explosion was at least two hundred pounds to the square inch; that the pressure upon the inlet pipe connected with the public street main pipe was only about forty-five pounds to the square inch; that this pipe would have furnished a complete vent for the boiler at a pressure of fifty pounds, and that the explosion could not have occurred had not this inlet pipe been closed in some way.

This cold water inlet pipe was a branch from the main street supply pipe, and upon it were a gate valve near and just above the boiler and a stopcock thirty feet or more from the boiler. By shutting either of these the pipe was closed and the cold water of course entirely shut off from the boiler; and so long as this state of things continued this pipe ceased to be a vent for the escape of steam from the boiler.  Much stress was laid by the plaintiffs upon the alleged negligent way in which the safety valve was adjusted and operated.  The defendant contended that the safety valve was entirely unnecessary and that it had nothing to do with the explosion.  But, in view of the relative size and capacity of the boiler and the heater, the existence of the stopcock by which the water from the street main at any time could be shut off, and the liability to such an occurrence, the general relation of the boiler to the whole somewhat complicated apparatus, and of the number of the persons in the employ of the defendant, together with their lack of technical knowledge of the apparatus, the questions whether the safety valve was reasonably necessary, whether it was kept in a proper condition, and whether, if it had been so kept, the explosion would have been prevented even if the stopcock was closed, were for the jury.

The case is close, and the evidence upon several material points is somewhat conflicting.  A verdict either way could not have been reached without rejecting some of the evidence as unreliable.  We think, however, that the jury properly might have found that the gate valve (and perhaps the stopcock also) was closed at the time of the explosion, and had been so closed ever since some time on the day before; and that but for this condition

of the valve the explosion would not have occurred; that the most reasonable explanation of the manner in which the valve was closed was that in some way it was done by one Riley (although he denies it); that he negligently left it closed; that in closing and leaving the valve closed he was not working as the fellow servant of the plaintiffs, but as a person to whom the defendant had delegated the performance of the duty owed by it to the plaintiffs, namely, the duty to take proper care for their safety; that so far as respects that duty the hand of Riley was the hand of the defendant, and his negligent act in leaving the valve closed was the negligent act of the defendant.

Upon such findings the defendant could be held. And that is so, even if it is not answerable for the negligence in the care of the stopcock and even if the explosion was due in part to such neglect. It is sufficient if the explosion is attributable in part to the negligence of the defendant in the care of either the valve or the stopcock.

It becomes unnecessary to consider whether the doctrine of *res ipsa loquitur*, which is invoked by the plaintiffs, is applicable to the facts of the case.

Upon a careful examination of the requests presented by the defendant we see no error in the manner in which the presiding judge * dealt with them. The action of the judge was sufficiently favorable to the defendant. The second ruling requested by the plaintiffs † was properly given.

During the trial the defendant took certain exceptions to the admission of evidence. They either have been waived by the defendant or are untenable. The exceptions to the charge also must be overruled.

*Exceptions overruled.*

*R. Spring,* for the defendant.

*W. S. Youngman,* (*P. S. Lincoln* with him,) for the plaintiffs.

---

* *Bell,* J.

† This ruling, which was given as an instruction by the judge, was as follows: "The plaintiffs are not required to show the particular cause of the accident; it is enough that they have shown evidence of defects in the construction or condition of the boiler or apparatus connected therewith which with the fact of the explosion might warrant the jury in inferring that the accident was due to the negligence of the defendant."